**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| ARTHUR WESTHUES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 21-cv-6012 |
| v. | ) | |
| | ) | |
| HELENA AGRI-ENTERPRISES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant, Helena Agri-Enterprises, LLC ("Defendant" or "Helena") hereby give notice of the removal of this cause of action to the United Stated District Court for the Western District of Missouri. In Support of this Notice of Removal Helena states the following:[1]

## I. INTRODUCTION

This case is hereby removed from state court to federal court because Plaintiff Arthur Westhues ("Plaintiff") and Defendant Helena are diverse parties based on citizenship. Furthermore, the amount in controversy exceeds the jurisdictional perquisite of $75,000. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## II. STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL

1. On or about November 23, 2020, Plaintiff commenced an action against Defendant in the Circuit Court of Buchanan County, Missouri, styled *ARTHUR WESTHUES V. HELENA AGRI-ENTERPRISES, LLC*, Case No.: 20BU-CV04302.

[1] *See* **Exhibit A**, Civil Cover Sheet seeking removal to the Western District of Missouri

2. On December 24th, 2020, Defendant's registered agent received, through service, a copy of the initial pleading setting forth the claim for relief upon which this action is based. Helena has attached all process, pleadings and orders served upon it as **Exhibit B** as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, within thirty-days (30) from the date on which the summons was served.

4. After filing this Notice, the undersigned will provide written notice to Plaintiff and file a copy with the Circuit Clerk of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

5. Fike reserves the right to amend or supplement this Notice of Removal.

6. Fike reserves any and all defenses to the claims alleged by Plaintiff.

7. Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Western District of Missouri, St. Joseph Division ("Western District of Missouri"), is the judicial district and division embracing the Circuit Court of Buchanan County, Missouri, where this case was brought and is pending, and is therefore the proper district court and division to which this case must be removed.

## III. REMOVAL BASED ON DIVERSITY OF CITIZENSHIP IS PROPER

8. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### *A. Diversity of Citizenship Exists*

9. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See, e.g., Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

10. Accepting the allegations in Plaintiff's Complaint as true, Plaintiff is a resident and citizen of the State of Missouri. *See* Ex. B, Compl. ¶ 2.

11. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. First, Defendant, is a corporation organized and existing under the laws of the State of Delaware. *See* Tennessee Secretary of State, Business Information Search, Entity Details, attached hereto as **Exhibit C**. Defendant is therefore a citizen of Delaware for diversity purposes.

13. Second, to determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Id.* A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

14. Here, Defendant has its principal place of business in Tennessee, and, accordingly, is a citizen of Tennessee for purposes of diversity. *See* Ex. C.

15. In summary, Defendant is a citizen of Delaware and Tennessee pursuant to § 1332(c)(1).

16. Accordingly, diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1) exists between Plaintiff (a citizen of Missouri) and Defendant (a citizen of Delaware and Tennessee) at the time of filing this Notice of Removal.

***B. <u>The Amount In Controversy Has Been Met</u>***

17. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

18. In conjunction with his claims, Plaintiff seeks an award of compensatory damages, including, lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life; an award of his attorneys' fees and costs; and for other and further relief the Court deems just and proper. *See* Ex. B, Compl. p. 3.

19. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20. Using Plaintiff's past wages, it is possible to estimate the amount of past wages which Plaintiff could potentially be awarded.

21. Plaintiff received an annual salary of $61,812.52, his last full year of employment with Defendant. This amount presumes no increase in Plaintiff's annual salary and does not take benefits into consideration. According to Plaintiff, his damages potentially started to accrue on July 31, 2019, the date of his termination, making Plaintiff's back pay claim, to date, approximately $89,143.[2]

22. In addition to economic compensatory damages (which are not capped under the MHRA), Plaintiff seeks damages for non-economic damages, such emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life. *See* Exhibit B, ¶ 14. As actual verdicts in actual cases show, when these non-economic damages are combined with a back-pay award, it is reasonable and likely that Plaintiff could recover in excess of the $75,000.00 jurisdictional requisite. *See e.g. Wedow v. City of Kansas City*, 442 F.3d 661, 668 (8th Cir. 2006)

[2] This does not include potential back pay through trial.

(jury awarded plaintiff $285,000 for discrimination and retaliation in the workplace); *Warren v. State of Missouri, Div. of Youth Servs.*, (E.D. Mo. Oct. 23, 2000) (awarding plaintiff $60,000.00 in actual damages and$150,000.00 in compensatory damages).

23. Accordingly, Plaintiff's claim for compensatory damages alone satisfies the jurisdictional requirement.

24. Adding Plaintiff's claim for attorneys' fees, which are recoverable under the MHRA, to the amount in controversy calculation, there is no question that the amount in controversy well exceeds the $75,000.00 threshold. *See* RSMo. § 213.111; *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction).

25. Therefore, because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendant respectfully gives notice of the removal of this action currently pending in the Circuit Court of Buchanan County, Missouri, to the United States District Court for the Western District of Missouri, St. Joseph Division.

Respectfully submitted,

*/s/ Paul F. Pautler, Jr.*

Paul F. Pautler, Jr. MO Bar No. 38057
Courtney N. Steelman MO Bar No. 70191
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
paul.pautler@huschblackwell.com
courtney.steelman@huschblackwell.com

AND

Louis P. Britt III (Pro Hac Vice forthcoming)
FordHarrison LLP
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
lbritt@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify on the 21st day of January 2021, a copy of the above and foregoing was served via the Court's electronic (ECF) filing/notification system and United States Mail to:

Mark A. Jess
Christie Jess
Kelly Rosine Ruark
EMPLOYEE RIGHTS LAW FIRM
Law Offices of Mark A. Jess, LLC
Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com
kelly.ruark@employeerightslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Paul F. Pautler, Jr.*
**Attorney for Defendant**